GEORGE W. PRENTICE *vs.* WILLIAM DEHON & others.

One who has been an executor of an estate and resigned his trust cannot maintain a suit either at law or in equity against the administrator with the will annexed, to recover a debt due to him from the estate, but his remedy is in the settlement of the accounts of administration in the probate court.

BILL IN EQUITY against the administrators with the will annexed of the estate of William H. Prentice, brought under the provisions of *St.* 1861, *c.* 174, § 2, to obtain payment of a claim against the estate which had not been prosecuted within the time limited by law. The case was reserved by *Hoar*, J. for the determination of the whole court, upon facts which sufficiently appear in the opinion.

*J. G. Abbott & B. Dean*, for the plaintiff.

*J. D. Bryant*, for the defendants.

CHAPMAN, J. The plaintiff and his father William H. Prentice

were copartners in trade on the 16th of March 1853, when the plaintiff's father died, leaving a will, in which the plaintiff and two other persons were named as executors. Letters testamentary were granted to them all, and by agreement with his co-executors the plaintiff carried on the business of the partnership till June 1st 1853, which was the period fixed by the articles of partnership for its termination. He then began to wind up the concern as surviving partner. He had not fully settled it on the 28th of May 1855, when, one of the executors having deceased, the others resigned their trust, and the defendants were thereupon appointed administrators with the will annexed.

If the plaintiff had never been executor, the present suit would have been his appropriate remedy, provided he has a good cause of action. But when he became executor his relation to the estate was changed. It came into the hands of himself and his co-executors, and if he was a creditor his debt was extinguished, because it would be absurd that he should bring an action against himself. Whenever the hand of the creditor is to pay as well as to receive the debt, it is held that the debt is extinguished. 2 Williams on Executors, (4th Amer. ed.) 937 1185. Hob. 10. 1 Salk. 306. If the executor is a debtor, the debt is extinguished, and must be accounted for as assets in his hands. Ib. In this commonwealth, if he is a debtor he charges himself with the amount due from himself in the account which he settles in the probate court. If he is a creditor, he credits to himself the amount due to him, and receives it out of the assets. If any controversy arises in respect to it, either party may have it tried by a jury, by means of an appeal to this court as the supreme court of probate. It was the duty of the plaintiff as surviving partner to close up the business and settle the copartnership account in the probate court in the first instance.

This duty remained after his resignation of his office, and it does not appear that he has yet discharged it. It is now the only legal method of prosecuting his claim, for his resignation did not have the effect to revive the debt after it had once been extinguished. Having been once extinguished, it could not be revived. Hob 10.

In the recent case of *Munroe* v. *Holmes*, 9 Allen, 244, it was held that where an executor had died leaving the estate unsettled, his administrator could not maintain an action at law against the administrator *de bonis non* to recover a balance due to the executor, but must present an account to the probate court for settlement. It would seem to follow from that decision that if he resigns he cannot himself maintain such an action. The decision rests on the principle stated above.

Suits in equity are given by *Sts.* 1861, *c.* 174, and 1863, *c.* 235, in certain cases where an action at law is barred by the statute of limitations. The objection to the constitutionality of such acts is very grave, but it is not necessary in this case to decide whether it is valid. Certainly a suit in equity will not lie after such a bar, where no action could have been maintained before, and in the present case the plaintiff could not have maintained an action at any time after the estate of the testator was transferred to him as an executor. *Bill dismissed.*